UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                          :
LATIN AMERICA FINANCE GROUP, INC. and      :
WILLIAM VAN DIEPEN,                        :
                                          :   04 Civ. 10082 (DLC)
                 Plaintiffs,               :
                                          :   MEMORANDUM OPINION &
          -v-                              :         ORDER
                                          :
CARLOS PAREJA and PAREJA Y ASOCIADOS,      :
                                          :
                 Defendants.               :
                                          :
-----------------------------------------X

Appearances:

For plaintiffs:
David J. Hoffman
Attorney at Law
29 Broadway
27th Floor
New York, NY 10006

For defendants:
Kathleen M. Kundar
Fox Horan & Camerini LLP
825 Third Avenue
New York, NY 10022


DENISE COTE, District Judge:

     Defendants have brought a motion for attorneys' fees against plaintiffs and plaintiffs' attorneys under the Court's inherent power and 28 U.S.C. § 1927 ("Section 1927"). Judgment was entered on July 24, 2006, in defendants' favor following a bench trial. Rule 54(d)(2)(B), Fed.R.Civ.P, required a motion for attorneys' fees -- other than one brought for a violation of the

Federal Rules of Civil Procedure or Section 1927 -- to be filed within 14 days of judgment or by August 7, 2006.

On November 3, defendants filed this motion.[1]  Defendants request that this Court exercise its discretion under Rule 6(b), Fed.R.Civ.P., find that the untimely filing was due to excusable neglect, and accept the motion as if filed nunc pro tunc. Defendants seek recovery of attorneys' fees and expenses on the ground that the plaintiffs' claims were meritless and brought for the improper purpose of extracting payments from associates of the defendant Dr. Pareja.  The defendants contend that plaintiffs' counsel was aware of the plaintiffs' improper purpose in bringing the litigation from at least January 25, 2005.  It is hereby

ORDERED that the motion to extend time to file the motion brought pursuant to the Court's inherent power is denied.  An attorney's failure to follow clear and unambiguous procedural rules does not usually constitute excusable neglect, In re Lynch, 430 F.3d 600, 603-04 (2d Cir. 2005) (discussing Pioneer standard in context of untimely bankruptcy filing), and the defendants have not shown that an exception to that general principle is warranted.[2]

---

[1] At a conference with Second Circuit staff counsel on October 18, 2006, staff counsel advised defense counsel of the fourteen-day filing requirement.

[2] Counsel for the defendants admits reviewing Rule 54(d)(2)(E) in

IT IS FURTHER ORDERED that the Section 1927 motion is denied. The defendants have not pointed to conduct by plaintiffs' counsel which unreasonably or vexatiously multiplied the proceedings in this action. See Section 1927. The defendants essentially complain that the plaintiffs pursued a meritless lawsuit, and not that the plaintiffs' counsel litigated the action in a way that multiplied or delayed the proceedings. See United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousement & Helpers of America, 948 F.2d 1338, 1345 (2d Cir. 1991) (holding that the purpose of Section 1927 is "to deter unnecessary delays in litigation").

SO ORDERED:

Dated:   New York, New York
         April 3, 2007

_____
DENISE COTE
United States District Judge

---

July 2006 and determining that it provided an exception for motions only insofar as they were premised on violations of the Federal Rules of Civil Procedure and Section 1927. Counsel's representation for the first time in her reply that she also reviewed In re Austrian & German Bank Holocaust Litig., 317 F.3d 91, 97 (2d Cir. 2003), does not suggest a different outcome: that class action case did not refer to Rule 54(d) or otherwise address the timeliness of a motion for attorney's fees awarded pursuant to the Court's inherent power.

3